UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RASHETA BUNTING,

              Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                       22-CV-7015 (RPK) (SJB)

     v.

THE GAP, INC.,

              Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Rasheta Bunting, who is legally blind, brought this lawsuit against The Gap, Inc., alleging that its failure to include digital labels on its product tags violates Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 292 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. R. Law § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-102 *et seq.* ("NYCHRL"). Gap has moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss (Dkt. #13). For the reasons discussed below, I dismiss plaintiff's Title III ADA claim and decline to exercise supplemental jurisdiction over plaintiff's non-federal claims.

## BACKGROUND

      The following facts are drawn from the Complaint and are assumed true for the purposes of this order.

      Plaintiff is legally blind. Compl. ¶ 19 (Dkt. #1). She regularly shops at brick-and-mortar Gap stores, which sell clothing and other goods. *Id.* ¶¶ 5, 6, 43. Each product sold in Gap stores has a physical label or tag containing information such as size, material, country of origin, and

1

washing and care instructions. *Id*. ¶¶ 6, 22, 34. The labels or tags are "attached to each item sold," "intertwined with the merchandise," and "part of the merchandise." *Id*. ¶¶ 23, 42.

Some retailers—but not Gap—place digital labels, such as QR codes, on their product tags. *Id*. ¶¶ 6, 30, 37. Visually impaired shoppers can scan digital labels with their phone and then use text-to-voice software on their phones to have the labels' contents read to them. *Id*. ¶ 37.

Plaintiff alleges that because Gap does not include digital labels on its products, she and other visually impaired customers cannot ascertain the information on Gap labels unless assisted by others. *Id*. ¶ 39. While Gap store employees can read labels to visually impaired customers, plaintiff alleges that the employees "often do not have the time and patience to assist a blind person." *Ibid*. Plaintiff further contends that even if Gap employees provide such help, visually impaired customers may not have ready access to label information after they purchase items because they may not recall what the employee told them and may not be able to locate or access the information online. *Id*. ¶ 40.

In September 2022, plaintiff visited Gap stores in Brooklyn and Queens, intending to purchase clothes. *Id*. ¶¶ 11, 43. Plaintiff alleges that she did not receive assistance from Gap employees during those visits, *id*. ¶ 43, although she does not allege that she asked for any help. Plaintiff alleges that because she did not receive help from store employees, she was unable to access information about products she hoped to purchase. *Ibid*.

Plaintiff filed this lawsuit in 2022, alleging that Gap's failure to provide digital labels on its products violates Title III of the ADA, which prohibits public accommodations from denying disabled customers the full enjoyment of their goods and services. *Id*. ¶¶ 58–73. Plaintiff also brings claims for disability discrimination under the NYSHRL, the NYSCRL, and the NYCHRL.

2

*Id*. ¶¶ 74–113. She seeks declaratory and injunctive relief, as well as compensatory damages, attorney's fees, and costs. *See id*. at 29–30 ("Prayer for Relief").

Gap has moved to dismiss the Complaint. *See* Mot. to Dismiss.

## STANDARD OF REVIEW

A complaint will only survive a motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted); *see Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks, brackets, and citations omitted).

## DISCUSSION

Plaintiff has not plausibly alleged that Gap violated her rights under Title III of the ADA by failing to tag its products with digital labels. In the absence of a viable federal claim, I decline to exercise supplemental jurisdiction over plaintiff's non-federal claims.

I.  **Plaintiff Fails to State an ADA Claim**

Plaintiff has not plausibly alleged that Gap violated Title III of the ADA by failing to provide digital labels on its merchandise. That title of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

3

accommodation." 42 U.S.C. § 12182(a). It also requires provision of "auxiliary aids and services" under certain circumstances. *Id.* § 12182(b)(2)(A)(iii). Plaintiff contends that Gap's failure to include digital labels on its products necessarily denies her full and equal enjoyment of the goods that Gap provides, and that Gap has also failed to provide required auxiliary aids. Plaintiff has failed to state an ADA claim under either theory.

### A. The ADA Does Not Require Retailers to Sell Merchandise With Digital Labels

Plaintiff's contention that the ADA mandates retailers include digital labels on their product tags lacks merit. By stating that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of" a public accommodation's "goods, services, facilities, privileges, advantages, or accommodations," *id.* § 12182, Title III "prohibits a place of public accommodation from discriminating on the basis of disability when providing *access* to its goods and services," but it does not "regulate what *types* of goods and services should be made available." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 84 (2d Cir. 2022) (Lohier, J., concurring in judgment). Accordingly, courts have consistently held that "a business is not required to alter or modify the goods or services it offers to satisfy Title III." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 186 (5th Cir. 2000); *see Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) ("The common sense of the statute is that the content of the goods or services offered by a place of public accommodation is not regulated."); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) (stating that Title III's "language does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided"); *see also Dominguez v. Athleta LLC*, No. 19-CV-10168 (GBD), 2021 WL 918314, at *4 (S.D.N.Y. Mar. 10, 2021); *Dominguez v. Banana Republic, LLC*, 613 F. Supp. 3d 759, 769 (S.D.N.Y. 2020), *aff'd sub nom. Calcano*, 36 F.4th 68. Consistent with this understanding,

4

Department of Justice implementing regulations provide that a public accommodation is not required under Title III "to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." 36 C.F.R. § 36.307(a).

Plaintiff's contention that Title III requires Gap to provide digital labels therefore falls short. As plaintiff's pleadings acknowledge, product labels are "attached to," "intertwined with" and "part of" Gap's merchandise. Compl. ¶¶ 23, 42. By seeking a change to the products' labels, plaintiff is seeking to have the Gap "alter or modify the goods or services it offers," *McNeil*, 205 F.3d at 186, rather than simply seeking "full and equal enjoyment of the goods" that Gap already provides, 42 U.S.C. § 12182. Because the ADA does not require Gap to alter its inventory to include products with digital labels, this theory of liability fails as a matter of law.

### B. Plaintiff Did Not Sufficiently Plead Gap's Failure to Provide Auxiliary Aids

Plaintiff's theory that Gap failed to provide adequate auxiliary aids or services is equally unavailing. Title III of the ADA requires that places of public accommodation provide auxiliary aids to customers under certain circumstances, by stating that prohibited discrimination includes the "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services," subject to certain limitations. *Id*. § 12182(b)(2)(A)(iii). As Department of Justice implementing regulations recognize, however, this prohibition does not require any particular auxiliary aid or service; instead, "the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii). The auxiliary aid requirement is therefore "a flexible one," under which "[a] public accommodation can choose among various alternatives as long as the result is effective communication." *Banana Republic, LLC*, 613 F. Supp.

5

3d at 773 (quoting 28 C.F.R. Pt. 36, App'x C). Thus, for instance, "a clothing boutique would not be required to have Braille price tags if sales personnel provide price information orally upon request." *Athleta*, 2021 WL 918314, at *5 (quoting 28 C.F.R. Pt. 36, App'x C). To survive a motion to dismiss, then, "[p]laintiff must plausibly plead that [Gap] lacks any sufficient auxiliary aids to ensure full and equal enjoyment" of its goods. *Calcano v. True Religion Apparel, Inc.*, No. 19-CV-10442 (VSB), 2022 WL 973732, at *7 (S.D.N.Y. Mar. 31, 2022).

Plaintiff has not plausibly alleged that Gap stores failed to provide her with sufficient auxiliary aids or services. Plaintiff states that during her September 2022 visits to Gap stores, "she did not receive any assistance from any sales persons or other staff members." Compl. ¶ 43. But crucially, plaintiff fails to allege that she ever sought assistance or requested other auxiliary aids or services from Gap employees. Courts in this Circuit have consistently held that a plaintiff's failure to make such an allegation is fatal to a claim based on failure to provide sufficient auxiliary aids or services. *See True Religion Apparel, Inc.*, 2022 WL 973732, at *7 (dismissing claim because "[p]laintiff does not even allege that he informed [defendant's] employee of his disability, thus failing to put [defendant] on notice that [p]laintiff might require an alternative auxiliary aid"); *Athleta LLC*, 2021 WL 918314, at *5 (similar); *Banana Republic*, LLC, 613 F. Supp. 3d at 773, n.6 ("It would be absurd to read the ADA as requiring that a public accommodation offer every single customer the help of all available auxiliary aids and services before the customer asks for one."); *see also Calcano*, 36 F.4th at 86 (Lohier, J., concurring in judgment) (finding that plaintiffs did not adequately allege they were denied auxiliary aids and noting that they had not alleged "that the plaintiffs asked the defendants' employees about the availability of other auxiliary aids or services, or that the plaintiffs took other steps to find out what other auxiliary aids or services might have been available").

6

Plaintiff cannot resuscitate her auxiliary-aid claim by arguing that employee assistance in reading labels is categorically inadequate because plaintiff cannot benefit from that assistance *after she returns home*. Title III makes plain that an employee who reads labels aloud to visually impaired customers is a permissible auxiliary aid by defining "auxiliary aids and services" to include "qualified readers . . . or other effective methods of making visually delivered materials available to individuals with visual impairments." 42 U.S.C § 12103(1)(B); *see* 28 C.F.R. § 35.104 (defining qualified reader as "a person who is able to read effectively, accurately, and impartially using any necessary specialized vocabulary"). And that specific statutory guidance makes sense as an implementation of Title III's general requirements because Title III governs access to "places of public accommodation," like Gap stores, 42 U.S.C. § 12182(a); it is not, by its terms, concerned with regulating the performance of products in consumers' homes. In sum, Title III makes clear that "effective assistance from [store] employees acting as 'qualified readers' is sufficient" to satisfy the auxiliary aids and services mandate. *West v. Moe's Franchisor, LLC*, No. 15-CV-2846 (WHP), 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015).

Accordingly, plaintiff has not plausibly alleged that Gap failed to provide her with appropriate auxiliary aids or services in violation of the ADA.

### C. Plaintiff Cannot State a Freestanding Claim for Declaratory Relief

Plaintiff also pleads a "Fifth Cause of Action" for "Declaratory Relief." Compl. ¶¶ 114–116. But declaratory relief is a remedy, not an independent cause of action. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir.1993) ("[A] request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights."); *see KM Enterprises, Inc. v. McDonald*, No. 11-CV-5098 (ADS) (ETB), 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012) (dismissing a declaratory judgment claim because

7

plaintiff "has no independent substantive claim of right to this relief"), *aff'd*, 518 F. App'x 12 (2d Cir. 2013).

## II. The Court Declines to Exercise Supplemental Jurisdiction Over the State and Municipal Law Claims

Having dismissed plaintiff's federal ADA claim, the Court declines to exercise supplemental jurisdiction over plaintiff's state and municipal law claims brought under the NYSHRL, the NYSCRL, and the NYCHRL. Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Generally, where "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *see Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006).

Plaintiff has not provided a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed. Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's state and municipal law claims.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and the Complaint is dismissed without prejudice. Plaintiff may file a motion seeking leave to file an amended complaint within thirty days. Any such motion should include the proposed amended complaint as an exhibit and explain why leave to amend should be granted. If plaintiff does not seek leave to amend within thirty days, judgment shall be entered, and the case shall be closed.

SO ORDERED.

                                                       */s/ Rachel Kovner*
                                                       RACHEL P. KOVNER
                                                       United States District Judge

Dated: January 30, 2024
       Brooklyn, New York